**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **LISA FRISBY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 1:22-CV-00894** |
| | ) |
| **ASH HEALTH, INC.** | ) |
| **d/b/a QC KINETIX,** | ) |
| **ROBERT SCOTT HOERY, and** | ) |
| **QC FRANCHISE GROUP, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## <u>COMPLAINT</u>

Plaintiff Lisa Frisby ("Frisby") brings this action against Defendants Ash Health, Inc. d/b/a QC Kinetix ("Ash Health"), Robert Scott Hoery ("Hoery") and QC Franchise Group, LLC ("QC") (Ash Health, Hoery and QC are collectively referred to herein as "Defendants"), and shows as follows:

## <u>OVERVIEW</u>

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Claim Statute I.C. § 22-2-9 *et seq.* ("Indiana Wage Claim Statute") Defendants violated the FLSA by failing to timely pay Frisby the minimum wages required under federal law.  Defendants violated Indiana law by failing to timely pay Frisby her earned wages and/or bonus. Additionally, by terminating Frisby's employment, Defendants retaliated against Frisby in violation of the FLSA. Lastly, Frisby pleads a breach of contract claim against Ash Health.

## PARTIES

2.     Frisby is an individual who resides in Hamilton County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Frisby was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3.     Ash Health is an Indiana domestic corporation doing business in Marion County, Indiana. At all relevant time, Ash Health was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Ash Health was Frisby's "employer" as that term is defined under I.C. 22-2-9-1(a).  Ash Health was a "joint employer" of Frisby as that term is defined under the FLSA and the Indiana Wage Claims Statute.

4.     Hoery is an individual residing in Colorado and doing business in Marion County, Indiana.  At all relevant times, Hoery was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Hoery was Frisby's "employer" as that term is defined under I.C. 22-2-9-1(a).  Hoery was a "joint employer" of Frisby as that term is defined under the FLSA and the Indiana Wage Claims Statute.

5.     QC is a South Carolina limited liability company doing business in Marion County, Indiana. At all relevant times, QC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). QC was Frisby's "employer" as that term is defined under I.C. 22-2-9-1(a).  QC was a "joint employer" of Frisby as that term is defined under the FLSA and the Indiana Wage Claims Statute.

## JURISDICTION

6.      This Court has jurisdiction over Defendants because Frisby brings claims arising under federal law.  This Court has supplemental jurisdiction over Frisby's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

7.      Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

8.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9.      At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10.      At all times hereinafter mentioned, Frisby was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

11.      Ash Health owns and operates a regenerative medical clinic known as QC Kinetix and located at 6820 Parkdale Place, Suite 209, Indianapolis, Indiana (the

"Indianapolis Location").  Ash Health's principal place of business is the Indianapolis Location.

12.     At all times relevant, Ash Health contracted with QC to provide "franchise support" to Ash Health. As part of its obligations to provide "franchise support", QC provided human resources, management, and employee supervision and training for Ash Health.

13.     At all times relevant, QC and Ash Health had the authority to and did hire and fire employees working out the Indianapolis location.

14.     Defendants hired Frisby to serve as "Consultation Coordinator" at their Indianapolis, Indiana location on September 13, 2021.

15.     At all times relevant, Frisby was not exempt from the minimum wage provisions of the FLSA.

16.     As part of her employment, Frisby entered into a contract with Ash Health. (See Exhibit A attached hereto, the "Agreement").

17.     Pursuant to the Agreement, Frisby was to be paid "$500 per day worked" and "$500 per day worked in any additional location".

18.     Additionally and also pursuant to the Agreement, Frisby was to receive a "Bonus" equal to "10% of net profit from each location, paid quarterly.  Net profit shall take into account all costs of business operation and their potential increase from quarter to quarter."

19.     The Agreement also provided that Frisby would be paid travel expenses "When traveling to any QC Kinetix – Indianapolis location" to include either a

reimbursement for mileage based on current federal guidelines or a rental car to and from the location.

20.     Finally, the Agreement also provided that Frisby could not be terminated without stated cause unless she is provided not less than ninety (90) days prior written notice.

21.     At the beginning of her employment and on September 14, 2021, Frisby was required by Defendants to travel to QC's Charlotte, North Carolina location to participate in employer mandated training.

22.     As part of her training, Frisby worked for Defendants on September 15, 2021, September 16, 2021 and September 17, 2021.

23.     Frisby was paid no earned wages at all from Defendants for her time spent working in training on September 15th, 16th and 17th until October 29, 2021.

24.     Eventually and on October 29, 2021, Defendants paid Frisby only $250.00 per day for her days worked on September 15th, 16th and 17th, rather than the agreed upon $500 per day.

25.     By failing to pay Frisby any wages at all for her hours worked September 15th, 16th and 17th for a period of more than 45 calendar days, Defendants violated the FLSA by failing to pay Frisby a minimum wage that was timely.

26.     Frisby also performed work for Defendants on October 3, 2021 and for which she has been paid no wages.  As a result, Defendants not only violated the Indiana Wage Claims Statute but also the FLSA's minimum wage provisions because she has been paid no wages at all for her hours worked on October 3, 2021.

27.     Frisby performed work the week of January 10, 2022 through January 16, 2022 and for which she has been paid no wages at all.

28.     Frisby continued to work for Defendants until her involuntary termination on February 1, 2022.

29.     With the exceptions of the weeks specifically described above, every week that Frisby performed work for Defendants, Frisby worked at least 3 to 4 days per week.

30.     Despite typically working 3 to 4 days per week for Defendants, Frisby was only ever paid for one day each week, or just $500.00.

31.     Despite Frisby being entitled to a "bonus" of 10% of the net profit of each location to be paid quarterly, Defendants have refused to pay Frisby this bonus.

32.     As a result of Defendants' failures to comply with the FLSA, Indiana law and the Agreement, Frisby expressed her need to be fully paid by Defendants to Corey Riser, the National Director of Sales for QC and to fix the wage issues going forward.

33.     In response to her request, Corey Riser drafted a new agreement with different terms (the "Second Agreement"), which included a different job title and different bonus structure.

34.     As Frisby considered executing the Second Agreement and on or around January 28, 2022, Frisby received an unexpected phone call from Hoery. On this call, Hoery insisted on discussing Frisby's resignation and offered Frisby $4,000 as a severance payment.

35.     On January 31, 2022, Frisby emailed Hoery to discuss her possible resignation and the unpaid wages she needed in order to voluntarily agree to her termination of employment and her releasing any claims she has against Defendants.

36.     In response to Frisby's email to Hoery, Defendants terminated Frisby's employment on February 1, 2022 without cause and specifically in retaliation for Frisby's exercising of her FLSA rights.

37.     As part of the termination process, an employee of QC gave Frisby a termination letter, Defendants stated that "We are terminating this agreement under 6. Termination (a) Termination with notice, without cause. We will pay you 90 days of work, providing a 90-day notice."

38.     Defendants have not paid Frisby for a total 90 days of work in accordance with the Agreement.

39.     Frisby filed a wage claim with the Indiana Department of Labor.  The Indiana Office of the Attorney General referred Frisby's wage claim to the Law Office of Robert J. Hunt, LLC on April 29, 2022, for prosecution of this matter.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40.     Frisby hereby incorporates by reference Paragraphs 1 – 39 of this Complaint.

41.     During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 206 by failing to comply with the minimum wage requirements of the FLSA.

42.     Defendants acted intentionally, willfully, or with reckless disregard to the rights of Frisby as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN
## ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.*

43.     Frisby hereby incorporates by reference Paragraphs 1 – 42 of this Complaint.

43.     During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-9 *et. seq.* by failing to timely pay Frisby's wages.

44.     Defendants' refusal to timely pay Frisby her earned wages was in bad faith.

## COUNT III: BREACH OF CONTRACT CLAIM
## AGAINST ASH HEALTH

45.     Frisby hereby incorporates by reference Paragraphs 1 – 45 of this Complaint.

46.     Ash Health breached the Agreement between Ash Health and Frisby in numerous ways, including but not limited to, failing to pay promised wages and bonuses, failing to pay travel expenses, and failing to provide 90 days-notice prior to her termination without cause.

47.     Frisby has suffered damages as a result of this breach.

## COUNT IV: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

48.     Frisby hereby incorporates by reference Paragraphs 1 – 47 of this Complaint.

49.     By terminating Frisby's employment, Defendants retaliated against Frisby because she engaged in protected activity in violation of the FLSA.

50.     The actions of Defendants in retaliating against Frisby were intentional, willful, and done in reckless disregard of Frisby's rights under the FLSA, 29 U.S.C. §215(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Frisby respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a.     An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Frisby, in addition to liquidated damages equal in amount to the unpaid compensation due to Frisby;

b.     An Order pursuant to I.C. §§ 22-2-9 *et. seq.* finding Defendants liable for unpaid earned wages due to Frisby, plus liquidated damages double in amount of the unpaid wages found due to Frisby;

c.     An Order awarding Frisby costs of this action;

d.     An Order awarding Frisby reasonable attorney's fees;

e.     An Order requiring Ash Health to comply with the terms of the Agreement;

f.     A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

g.     An Order awarding Frisby reinstatement or front pay in lieu thereof;

h.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone:   (317) 743-0614
Facsimile:   (317) 743-0615
E-Mail:       rob@indianawagelaw.com
              rfh@indianawagelaw.com


Attorneys for Plaintiff